Judge Underwood
delivered the opinion of the Court.
The question presented in this case, is, whether an instrument, purporting to be the last will and testament of a deceased person, which has been f°r prbbate, to the proper court and rejected, can thereafter be used as evidence, upon proof of its execution, for the purpose of shewing, that the propel.j;y therein mentioned, vested in those named as devisees, and legatees?
There were three subscribing witnesses to the .in-strurnent, offered for probate, as the will of Absalom Pulliam, deceased, and all of them were examined before the county court, and then the will was rejected, as shewn by the order of the court.
The statute, relating to wills, vests the county courts, with “power to hear and determine, all causes, matters,suits and controversies, testamentary.” This provision of the satute, will be a dead letter, if the rejection of the instrument, offered as the will, should be repraP(]ed as settling and determining nothing, ° "
If, upon all occasions, thereafter, the controversy can be renewed, by qffering the instrument, as an original paper, and that too, in the circuit court, when ■a suit may be therein pending, about the property mentioned, in the pretended will, then there is no period, at which, such a paper may not be brought forward, to disturb, or jeopardize [he possession of men. It would be equally proper, to tolerate-renewed applications to the county court, to admit the instrument to record, after having once rejected it. The proper construction of the statute, is, that one re *201 jection by the county court nullifies the instrument, so long as the order of the county court remains in full force. The injured party, must seek redress, by appeal or writ of error, and not by ¿ndeavoring to re-try the validity of the will, in a collateral manner, in the circuit court.
Hoggin, for appellant.
The judgment of the circuit court is affirmed.